KAREN P. HEWITT
United States Attorney
CHRISTINA M. McCALL
Assistant United States Attorney
California Bar Number 234139
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6760
Facsimile: (619) 235-2757

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR648-BEN |
| Plaintiff, | **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:** |
| v. | **(1)  COMPEL DISCOVERY AND PRESERVE EVIDENCE;** |
| ARMANDO URREA, | **(2)  SUPPRESS STATEMENTS** |
| | **ALONG WITH UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY.** |
| Defendant. | Date:  April 21, 2008<br>Time:  2:00 p.m. |

Plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Christina M. McCall, Assistant United States Attorney, hereby files its Response and Opposition to Defendant's Motions and its Motion for Reciprocal Discovery. This Response and Opposition is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

///

///

# I

# **STATEMENT OF FACTS**

**B.     Defendant's Apprehension**

On February 7, 2008, Defendant, Armando Urrea, drove into the Calexico East Port of Entry. At around 4 p.m., Defendant was the driver and sole occupant of a 1998 Dodge Caravan. Defendant told Officer Moreno, the primary inspector, that he owned the vehicle and was going home to Calexico. A vehicle registration check confirmed that Defendant was the registered owner of the Caravan. Officer Moreno noticed that Defendant was nervous, displaying trembling hands and making no eye contact with the inspector.   Officer Moreno also noticed a non-factory compartment located within the floor of the Caravan.  At this point,  Officer Moreno walked Defendant and his vehicle to the vehicle secondary lot for further inspection.

In the secondary lot, Officer Moreno asked for a human and narcotic detector dog to screen the vehicle.  The dog alerted to the Caravan's floor.  Then, Officer Moreno took the vehicle to the X-ray machine, which revealed anomalies within the floor.  Officer Moreno drilled into the floor and obtained a green leafy substance that field-tested positive for marijuana.  At this point, Officer Moreno escorted Defendant to the vehicle secondary office and performed a pat-down search for weapons. Officer Rojas found an access plate to the non-factory compartment that was located underneath the front passenger seat.  Twenty packages of marijuana were removed from the compartment, weighing 58 kilograms or 127 pounds.

At about 7:45 p.m., Defendant indicated that he needed medical attention. The officers phoned for an ambulance, which transported Defendant to El Centro Regional Medical Center.  Defendant complained of nausea, dizziness and an insect bite in the right buttock. Defendant indicated that signs of his illness were belching and a buttock abscess.  The medical staff noted that "at their worst the symptoms were mild" and Defendant was in no acute distress and had normal vital signs. At 11:00 p.m., the hospital released Defendant, and officers drove him back to the port of entry.

At 2:45 a.m., Immigration and Customs Enforcement ("ICE") agents advised Defendant of his <u>Miranda</u> rights. Defendant acknowledged his rights and invoked his right to remain silent. The agents

1  asked Defendant no questions about the offense. Defendant was in possession of $319 in U.S. currency,
2  consisting of: a hundred dollar bill; nine twenty dollar bills; and assorted smaller bills.
3        On March 5, 2008, a federal grand jury for the Southern District of California returned a two-
4  count Indictment against Defendant, charging him with: knowingly importing 58.06 kilograms of
5  marijuana, and possessing, with intent to distribute, 58.06 kilograms of marijuana, in violation of Title
6  21 U.S.C. §§ 952 and 841.

**II**

**UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS**

**A.   ORDER COMPELLING DISCOVERY IS UNNECESSARY**

    No Order is Required; The United States is Complying With Discovery Obligations

11     The United States has produced 76 pages of discovery as of the filing of this response, as well
12  as a digital video recording of Defendant's post-arrest Miranda warnings. The United States has
13  complied and will continue to comply with its discovery obligations under Brady v. Maryland, 373 U.S.
14  83 (1963), the Jenks Act (18 U.S.C. §3500), and Federal Rule of Criminal Procedure 16. Because the
15  United States has complied and will comply with its discovery obligations, an order to compel discovery
16  is unwarranted and the request for such an order should be denied.

17     1.   Defendant's Statements

18     Defendant has already been provided with copies of reports detailing his statements prior to being
19  taken into custody. Additionally, Defendant has a video recording of his post-arrest invocation.

20     2.   Arrest Reports, Notes and Dispatch Tapes

21     The United States has provided Defendant with all known reports related to Defendant's arrest
22  in this case. The United States is not aware of the existence of any dispatch tapes relevant to this case.
23  The United States will continue to comply with its obligation to provide to Defendant all reports subject
24  to Rule 16.

25     The Government has no objection to the preservation of the handwritten notes taken by any of
26  the Government's agents that are available at this time. See United States v. Harris, 543 F.2d 1247, 1253
27  (9th Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective
28  government witnesses). However, the Government objects to providing Defendant with a copy of any

available rough notes at this time. Rule 16(a)(1)(A) does not require disclosure of the rough notes where the content of those notes have been accurately reflected in a type-written report. See United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573, 583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where there are "minor discrepancies" between the notes and a report). The Government is not required to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements" (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim narrative of a witness' assertion, and (2) have been approved or adopted by the witness. United States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980). The rough notes in this case probably do not constitute "statements" in accordance with the Jencks Act. See United States v. Ramirez, 954 F.2d 1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes were scattered and all the information contained in the notes was available in other forms). The notes are not Brady material because the notes do not present any material exculpatory information, or any evidence favorable to Defendant that is material to guilt or punishment. Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos, 27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence was insufficient). If, during a future evidentiary hearing, certain rough notes become discoverable under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

3. Brady Material

The United States will comply with its obligations to disclose exculpatory evidence under Brady v. Maryland, 373 U.S. 83 (1963). Under Brady and United States v. Agurs, 427 U.S. 97 (1976), the government need not disclose "every bit of information that might affect the jury's decision." United States v. Gardner, 611 F.2d 770, 774-75 (9th Cir. 1980). The standard for disclosure is materiality. Id. "Evidence is material under Brady only if there is a reasonable probability that the result of the proceeding would have been different had it been disclosed to the defense." United States v. Antonakeas, 255 F.3d 714, 725 (9th Cir. 2001). Impeachment evidence may constitute Brady material "when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence." United States v. Blanco, 392 F.3d 382, 387 (9th Cir. 2004) (internal quotation marks omitted).

####  4.    Information that May Result in a Lower Sentence

Defendant did not cooperate or attempt to cooperate with the investigation, and the Government is unaware of any mitigating factors.

#### 5.    Defendant's Prior Criminal Record

The United States has already provided copies of Defendant's rap sheet, and some evidence of state court criminal convictions.

#### 6.    404(b) and 609 Evidence

The United States will disclose in advance of trial the general nature of any "other bad acts" evidence that it intends to introduce at trial pursuant to Federal Rule of Evidence 404(b), and any prior convictions it intends to use as impeachment pursuant to Rule 609. The discovery materials include numerous references to Defendant's state court criminal cases.

#### 7.    Evidence Seized

The United States has complied and will continue to comply with Fed. R. Crim. P. 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all evidence seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.

The United States need not, however, produce rebuttal evidence in advance of trial. United States v. Givens, 767 F.2d 574, 583-84 (9th Cir. 1984).

#### 8.    Preservation of Evidence

The United States will preserve all evidence to which the defendant is entitled to pursuant to the relevant discovery rules. The United States objects to a blanket request to preserve all physical evidence.

#### 9, 12, 13, 14, 20, 24.    Giglio/Henthorn Information

The United States will comply with the requirements of Giglio v. United States, 405 U.S. 150 (1972) and United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) by having agencies conduct a review of government agents' personnel files in advance of trial.

#### 10.    Tangible Objects

1   The United States has complied and will continue to comply with Fed. R. Crim. P. 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy tangible objects that are within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the United States as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.

   11.  Expert Witnesses

   The United States will comply with Fed. R. Crim. P. 16(a)(1)(G) and provide Defendant with notice and a written summary of any expert testimony that the United States intends to use during its case-in-chief at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence.

   12.  Impeachment Evidence

   Again, the United States understands its obligations under Brady.

   14.  Evidence of Bias or Motive to Lie

   The Government does not have any evidence that any prospective witness is biased or prejudiced against the Defendant, and realizes its obligations under Brady, Giglio and Henthorn.

   15.  Evidence Affecting Perception and Memory

   The United States is unaware of any evidence that any government witness's physical ability to perceive, recollect or communicate or commitment to tell the truth is impaired. The United States opposes the request for information that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. This request is overly broad and ignores the standard of materiality set forth in Brady for exculpatory or impeachment information.

   16.  Witness Addresses

   The United States will provide the names of the witnesses it intends to call at trial. Defendant has already received access to the names of potential witnesses through the discovery sent to his counsel. The United States objects to Defendant's request for witness addresses. None of the cases cited by Defendant, nor any rule of discovery, requires the United States to disclose witness addresses. The United States does not know of any individuals who were witnesses to Defendant's offenses except the law enforcement agents who apprehended him. The names of these individuals have already been provided to Defendant.

17. <u>Witnesses Favorable to Defendant</u>

As indicated above, the United States will comply with its discovery obligations to produce information that is exculpatory to Defendant, although it has discovered no such information as of this date. To the extent that it discovers such information, the United States will provide information about witnesses who made favorable statements about Defendant.

18-19. <u>Jencks Act Material / Statements</u>

The United States has or will comply with the disclosure requirements of the Jencks Act. For purposes of the Jencks Act, a "statement" is (1) a written statement made by the witness and signed or otherwise adopted or approved by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e). Notes of an interview only constitute statements discoverable under the Jencks Act if the statements are adopted by the witness, as when the notes are read back to a witness to see whether or not the government agent correctly understood what the witness was saying. <u>United States v. Boshell</u>, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing <u>Goldberg v. United States</u>, 425 U.S. 94, 98 (1976)). By the same token, rough notes by an agent "are not producible under the Jencks Act due to the incomplete nature of the notes." <u>United States v. Cedano-Arellano</u>, 332 F.3d 568, 571 (9th Cir. 2004).

21-23. <u>Cooperating Witnesses / Agreements With Witnesses</u>

At this time, the United States is not aware of any confidential informants or cooperating witnesses involved in this case. The government must generally disclose the identity of informants where (1) the informant is a material witness, or (2) the informant's testimony is crucial to the defense. <u>Roviaro v. United States</u>, 353 U.S. 53, 59 (1957). These threshold requirements have been interpreted to require that, if any cooperating witnesses or informants were involved or become involved, Defendant must show that disclosure of the informer's identity would be "relevant and helpful" or that the informer was the sole percipient witness before he would even be entitled to an in-camera evidentiary hearing regarding disclosure of the informer's identity. <u>United States v. Jaramillo-Suarez</u>, 950 F.2d 1378, 1386-87 (9th Cir. 1991), <u>quoting</u> <u>Roviaro v. United States</u>, 353 U.S. 53, 60 (1957). The Government does not have any agreements that would benefit any witness it plans to call at trial.

24. <u>Examination of Law Enforcement Personnel Files</u>

1    The United States will comply with United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) and request that all federal agencies involved in the criminal investigation and prosecution review the personnel files of the federal law enforcement inspectors, officers, and special agents whom the United States intends to call at trial and disclose information favorable to the defense that meets the appropriate standard of materiality. United States v. Booth, 309 F.3d 566, 574 (9th Cir. 2002)(citing United States v. Jennings, 960 F.2d 1488, 1489 (9th Cir. 1992)). If the materiality of incriminating information in the personnel files is in doubt, the information will be submitted to the Court for an in camera inspection and review.

Henthorn expressly provides that it is the "government," not the prosecutor, which must review the personnel files. Henthorn, 931 F.2d at 30- 31. Accordingly, the United States will utilize its typical practice for review of these files, which involves requesting designated representatives of the relevant agencies to conduct the reviews. The United States opposes the request for an order that the prosecutor personally review the personnel files.

25.    Training of Agents

Defendant requests copies of written policies and training manuals issued by the Department of Homeland Security regarding the handling of vehicles containing contraband, the detention of individuals within those vehicles, and the search of those vehicles and their occupants. The United States opposes this motion. Defendant cites no authority in support of this request. Defendant does not explain how Brady, Rule 16, or any other rule of disclosure require the United States to produce the requested information.

26.    Performance Goals and Policy Awards

The request to disclose information "regarding standard used for measuring, compensating or reprimanding the conduct of all law enforcement officers involved in the case ... to the extent such information relates to the detection of contraband" is over-broad and irrelevant to the case. Defendant does not cite any legal authority for this unusual request. Defendant is not entitled to sensitive personnel records maintained by the agencies with respect to their employees.

27.    Inspection of Physical Evidence

The United States will make the physical evidence available to the defense counsel to examine

and photograph.

    28/30   <u>DEA-7 Form</u>

The laboratory analysis report will be provided to Defendant to confirm the substance Defendant possessed and imported was marijuana.

    29.   <u>TECS Reports</u>

If the United States uses any TECS report information at trial, it will be turned over as discovery, pursuant to Rule 16.

    31.   <u>Narcotics Detector Dog Information</u>

Since this arrest and search took place at the border, an area where officers of the United States can search any incoming vehicle without a warrant or consent, the training records and qualifications of the dog are not relevant.

### III

### UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY

Defendant has invoked Fed. R. Crim. P. 16(a) and the United States has voluntarily complied with the requirements of Rule 16(a). Therefore, provision 16(b) of that rule, requiring reciprocal discovery, is applicable. The United States hereby requests Defendant to permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which he intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial or which were prepared by a witness whom Defendant intends to call as a witness. The United States also requests that the court make such orders as it deems necessary under Rule 16(d)(1) and (2) to insure that the United States receives the discovery to which it is entitled.

Federal Rule of Criminal Procedure 26.2 requires the production of prior statements of all witnesses, except Defendant. The time frame established by the rule requires the statement to be

1  provided after the witness has testified, as in the Jencks Act. The United States hereby requests that
2  Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial
3  to be set by the court. This order should include any form these statements are memorialized in,
4  including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## V
## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Defendant's motions, except where not opposed, be denied and the United States' motion for reciprocal discovery be granted.

DATED: April 16, 2008

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

/s/ Christina M. McCall

CHRISTINA M. McCALL
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. ARMANDO URREA, Defendant. | Case No. 08CR648-BEN **CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED that:

I, CHRISTINA M. McCALL, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Shaffy Moeel, Esq.

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 16, 2008.

/s/ Christina M. McCall
CHRISTINA M. McCALL