**SHAFFY MOEEL**
California State Bar No. 238732
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 267-2666

Attorneys for **Mr. Urrea**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE ROGER T. BENITEZ**)

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br> v. <br><br> **ARMANDO URREA,** <br><br> Defendants. | CASE NO. **08CR0648-BEN** <br><br> DATE: June 2, 2008 <br><br> TIME: 2:00 p.m. <br><br> STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS *IN LIMINE*. |

**I.**

**1.      Preclude 404 (b) and 609 evidence**

Federal Rule of Evidence 404(b) requires that the government provide "reasonable notice in advance of trial" of any evidence of "other crimes, wrongs, or acts" it plans to introduce. FED. R. EVID. 404(b). The notice requirement is triggered when timely requested by the defendant. *United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999). Here, Mr. Urrea timely requested notice of proposed 404(b) evidence in his discovery requests to the government. The government has given no notice of its intent to introduce 404(b) evidence. Accordingly, any such evidence should be excluded from this trial.

**2.      Preclude expert testimony**

Mr. Urrea has received notice of the government's intent to introduce expert testimony regarding the chemistry of the drugs in this case. However, Mr. Urrea has not received notice of the government's intent to introduce expert testimony regarding the value

of the drugs in this case. Because Federal Rule of Criminal Procedure 16(a)(1)(E) requires notice, on that basis alone, any government expert testifying about the value of the drugs should be excluded.

Even if adequate notice is provided, the Court should nonetheless exclude evidence of the value of the drugs. Such testimony is irrelevant and therefore inadmissible under Rule 402. Even if minimally probative, such evidence should be excluded under Rule 403 because it is unduly prejudicial. Moreover, if the government does not introduce value testimony, Mr. Urrea offers to stipulate that the quantity of narcotics in this case is a distributable, not personal use, quantity. This obviates the need for value testimony, and also counsels for prohibiting the government from bringing the marijuana into the courtroom in an attempt to prejudice the jury. *See* FED. R. EVID. 403; *United States v. Merino-Balderrama*, 146 F.3d 758, 762 (9th Cir. 1998) (In "Old Chief [the Supreme Court] held that a defendant's offer to stipulate to an element of a crime is relevant evidence that must be factored into a district court's analysis under [Federal Rule of Evidence] 403.").

On the off chance the Court disagrees with Mr. Urrea that the *wholesale* value of the drugs in this case is irrelevant and unduly prejudicial, the government should be precluded from offering evidence of so-called retail value. There is no evidence that Mr. Urrea is involved in street level sales; nor is there any evidence that any source of supply here was so involved. Retail value is therefore irrelevant and overly prejudicial. *See* FED. R. EVID. 402, 403.

This motion to preclude to exclude expert testimony also includes any presentation of evidence about the "structure" of drug organizations. Whether noticed or not, testimony of this ilk is impermissible. Typically in a trial like this, the government will attempt to prejudice the jury by offering testimony regarding drug smuggling organizations. Such testimony is often offered to prove a defendant's knowledge and to bolster the government's case. For example, an agent may testify that "the driver always knows." Such statements are clearly false and must be excluded for multiple reasons. First, such testimony constitutes expert testimony. Second, it is irrelevant. Third, its prejudicial impact outweighs

2

any probative value. Such testimony is identical to the drug organization "structure" and "modus operandi" testimony that the Ninth Circuit mandate must be excluded in drug cases. *See United States v. Varela-Rivera*, 279 F.3d 1174, 1179 (9th Cir. 2002) (citing *United States v. Vallejo*, 237 F.3d 1008 (9th Cir. 2001), *amended*, 246 F.3d 1150 (9th Cir. 2001); *United States v. McGowan*, 274 F.3d 1251 (9th Cir. 2001); *United States v. Pineda-Torres*, 287 F.3d 860 (9th Cir. 2002).

**3.       Preclude testimony regarding "nervousness"**

Mr. Urrea expects the government to draw testimony from an agent that Mr. Urrea appeared "nervous." Laywitness testimony regarding a person's demeanor, absent some prior knowledge of the defendant, has minimal, if any, relevance. *See United States v. Pineda-Torres*, 287 F.3d 860, 866 (9th Cir. 2002) (describing an immigration officer's testimony about the defendant's "apparent nervousness" only "marginally probative" on the issue of knowledge)  *United States v. Wald*, 216 F.3d 1222, 1227 (10th Cir. 2000) (en banc) (evidence of nervousness "is of limited significance"[,] particularly when [the agent] had no prior acquaintance with the [defendant]."). Additionally, that Mr. Urrea appeared "nervous" to an agent is irrelevant to either of the charges the government has decided to bring against Mr. Urrea. *See* FED. R. EVID. 402. And certainly, an agent's supposition as to why Mr. Urrea appeared "nervous" is both irrelevant and potentially, unduly prejudicial. *See* FED. R. EVID. 402, 403.

**4.       Preclude agents from testifying about "terrorism"**

Based on defense counsel's experience, agents who work at border crossings have recently taken to explaining to juries—during an explanation of what their job consists of—that their "primary" responsibility is to thwart terrorist attacks against the United States. Mr. Urrea moves to have this line of testimony precluded. This case involves no allegations of terrorist activity. Such testimony is irrelevant, unduly prejudicial. FED. R. EVID. 402, 403.

**5.       Preclude the prosecutor from committing *Sanchez* error**

Under Ninth Circuit law, it is improper for a prosecutor to vouch for the credibility of their witnesses, denigrate a defense raised at trial, or to urge the jury that their

3

1  duty is to convict. *United States v. Sanchez*, 176 F.3d 1214, 1225 (9th Cir. 1999). Due to
2  developments at recent trials here in the Southern District of California, Mr. Urrea simply
3  raises this issue pre-trial in an effort to forestall any trial error, however inadvertent.

**6.        Produce any supplemental" reports**

Mr. Urrea requests disclosure of any "supplemental reports" generated in this case. These reports generally memorialize later investigation of the case and can include information that confirms a defendant's statements made at the border. Mr. Urrea believes that such a report is discoverable under *Brady* and Rule 16. Additionally, pre-trial disclosure will avoid unnecessary delay at trial. *See*, *e.g*, FED. R. CRIM. P. 26.2(d). If the government contends that any "supplemental report" generated in this case is not discoverable, Mr. Urrea requests that the Court view these reports *in camera*.

**7.        Produce any draft reports**

Mr. Urrea requests disclosure of any "draft reports" generated in this case. It is Mr. Urrea's good-faith belief that agents routinely generate "drafts" of the reports that are ultimately provided in discovery buy the government. At a minimum, there are likely "third-person" drafts of the agents' reports in the government "TECS" system. Moreover, it is not unheard of for government attorneys to be involved in the drafting of a report related to a particular case. The degree to which this has occurred, and the degree to which these drafts differ from the final product, such draft reports are discoverable under *Brady* and Rule 16. Additionally, pre-trial disclosure will avoid unnecessary delay at trial. *See*, *e.g*, FED. R. CRIM. P. 26.2(d). If the government contends that any "draft' reports generated in this case are not discoverable, Mr. Urrea requests that the Court view these reports *in camera*.

**8.        Allow attorney conducted voir dire**

Under the Fifth and Sixth Amendments, and FED. R. CRIM. P. 24(a), Mr. Urrea requests that his defense counsel have the opportunity to personally *voir dire* the prospective jury members. As this is not a particularly complicated case defense counsel believes a maximum of ten minutes of attorney conducted *voir dire* sufficient. Knowing the Court's

general practice, however, Mr. Urrea alternatively requests that the Court to ask Mr. Urrea's proposed *voir dire* questions, to be filed under separate cover.

**9.      Exclude poverty evidence**

Mr. Urrea moves to exclude any evidence, or argument by the government, that Mr. Urrea "committed' this crime due to economic circumstances. In short, he moves to exclude "poverty evidence." It is impermissible for the prosecution to elicit testimony or to comment in any fashion upon the financial circumstances of the defendant. *United States v. Romero-Avila*, 210 F.3d 1017, 1022 n.2 (9th Cir. 2000).

**10.      Exclude witnesses**

Mr. Urrea moves to exclude witnesses from the courtroom, except, of course, when testifying. FED. R. EVID. 615. Mindful of the Court's regular practice of allowing the government's case agent to sit at government counsel's table, Mr. Urrea nonetheless asks the Court to inquire of the government as to why its case agent is "essential to the presentation" of its case. *See* FED. R. EVID. 615. The case agent's past help in "pushing the prosecution forward," as the government is wont to argue, strikes Mr. Urrea as a particularly weak showing that a person is "essential."

**11.      Exclude Expert Testimony Describing the Structure of Supposed Drug Smuggling Organizations.**

Under this Circuit's precedent *United States v. Vallejo*, 237 F.3d 1008 (9th Cir. 2001), and *United States v. McGowan*, 274 F.3d 1251 (9th Cir. 2001), structure testimony may not be permitted in this trial. This sort of "expert" testimony not only fails the balancing test set forth by FRE 403, but also is literally irrelevant and an abuse of discretion under FRE 401. *Vallejo,* 237 F.3d at 1017. The same problem exists with any organizational structure evidence in this case. The government has not charged Mr. Urrea with conspiracy. No evidence whatsoever suggests that a vast drug trafficking network played any role in the instant offense. Any attempt to connect Mr. Urrea to a vast drug empire that has not been alleged and has not been proven violates FRE 401, 403, and Ninth Circuit case law. A motion in limine excluding such evidence should be granted accordingly.

5

**12.        Exclude Marijuana From the Courtroom**

At trial, the government may insist on presenting the actual bags of marijuana seized to the jury. In this particular case, in which Mr. Urrea's knowledge of the drugs is the only contested issue, this evidence is highly inflammatory yet has virtually no probative value as to any fact in dispute. It must be excluded under FRE 403.

FRE 403 asserts that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Presentation of the marijuana seized in this case to the jury runs afoul of this evidentiary rule.

It is feared that the government may attempt to inflame the passions of the jury through gratuitous display of the marijuana seized in this case. In the past, some Assistant United States' Attorneys have taken every opportunity to handle bags of marijuana, passing them before the jury, and moving them about the courtroom. A few have gone so far as to smell their hands and grimace after handling these bags, further attempting to poison the jury. This physical evidence has no place at this trial. Because the presence of marijuana seized is undisputed in this case, there is simply no reason to bring this physical evidence into the courtroom. This lack of probative value, however, stands in contrast to the highly prejudicial nature of this contraband. Many jurors will no doubt be scandalized by the sheer volume of drugs involved in this case. In sum, this evidence proves no issue that is in dispute, yet threatens to badly prejudice Mr. Urrea. For these reasons, Mr. Urrea respectfully requests that this evidence be excluded from trial.

## II.
## CONCLUSION

For the reasons stated, Mr. Urrea requests this Court grant his motions.

Respectfully Submitted,

Dated: June 2, 2008

*/s/ Shaffy Moeel*
**SHAFFY MOEEL**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Urrea

7

# **CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of her information and belief, and that a copy of the foregoing document has been served this day upon:

**Christina M McCall**
Christina.McCall@usdoj.gov,efile.dkt.gc1@usdoj.gov,ginger.stacey@usdoj.gov

Dated: June 2, 2008                             */s/   Shaffy Moeel*
                                                SHAFFY MOEEL
                                                Federal Defenders of San Diego, Inc.
                                                225 Broadway, Suite 900
                                                San Diego, CA 92101-5030
                                                (619) 234-8467  (tel)
                                                (619) 687-2666  (fax)
                                                e-mail: Shaffy_Moeel@fd.org